UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARTHAN C. LEWIS,

    Petitioner,

    v.   CAUSE NO. 3:25-CV-1013-TLS-JEM

WARDEN,

    Respondent.

OPINION AND ORDER

Marthan C. Lewis, a prisoner without a lawyer, filed a habeas petition challenging his pretrial detention in connection with Case No. 41C01-2104-F1-4 in which he was convicted of child molestation and rape. On January 9, 2023, the Johnson Superior Court sentenced him to thirty-four years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Lewis asserts that he is entitled to habeas relief because he was unlawfully arrested and detained at the Miami County Jail without probable cause or an arrest warrant. Lewis cannot proceed on this claim because he has been convicted, rendering any habeas challenge to his pretrial detention moot. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982) ("In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. It would seem clear that under this general rule Hunt's claim to pretrial bail was moot once he was convicted." (cleaned up)); *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("Once Mr. Jackson was convicted, the claims concerning his pre-

trial confinement became moot."). Because the sole claim is moot, the court will dismiss the habeas petition.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or whether the petition states a valid habeas claim. Therefore, the court denies Lewis a certificate of appealability.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claim is moot;

(2) DENIES Marthan C. Lewis a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on January 5, 2026.

                                              s/ Theresa L. Springmann  
                                              JUDGE THERESA L. SPRINGMANN  
                                              UNITED STATES DISTRICT COURT